**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-2181**

───────────────

METROPOLITAN HEALTH CORPORATION, d/b/a Metropolitan Hospital; MICHAEL FAAS,

　　　　　Plaintiffs - Appellees,

　　　v.

MARY TERESA SCOTT,

　　　　　Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:12-cv-00383-F; 10-00101-8-ATS; 10-00794-8-SWH)

───────────────

Submitted: March 31, 2014　　　　　Decided: April 2, 2014

───────────────

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Joseph S. Dowdy, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Raleigh, North Carolina, for Appellant. Edward L. Embree, III, MOORE & VAN ALLEN, PLLC, Research Triangle Park, North Carolina; Luis M. Lluberas, MOORE & VAN ALLEN, PLLC, Charlotte, North Carolina, for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Scott sued her former employer, Metropolitan Hospital Corp., and its CEO and President Michael Faas, alleging retaliatory discharge in violation of 31 U.S.C. § 3730(h) (2012). The district court for the Western District of Michigan entered summary judgment in favor of Metropolitan and subsequently sanctioned Scott in the total amount of $1,652,235.20 for her conduct during the course of those proceedings. Scott filed a Chapter 7 petition; Metropolitan filed the underlying adversary proceeding asserting that the sanctions award in its favor was nondischargeable as a willful and malicious injury under 11 U.S.C. § 523(a)(6) (2012). The bankruptcy court agreed with Metropolitan; the district court affirmed.

We have reviewed the record included in this appeal, as well as the parties' briefs, and we find no reversible error. Accordingly, we affirm the district court's order affirming the bankruptcy court's orders awarding summary judgment in favor of Metropolitan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED